ORIGINAL

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

```
FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
January 13, 2021 (jo)
Michelle Rynne, Clerk of Court
```

MICHAEL NAMMAR
Chief, Criminal Division

SARA D. AYABE #9546
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Sara.Ayabe@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 20-00134 HG |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT |
| vs. | DATE: 11:00 a.m. |
| ERIC HURST, | TIME: January 13, 2021 |
| Defendant. | JUDGE: Hon. Helen Gillmor |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the

UNITED STATES OF AMERICA, by its attorney, the United States Attorney for

the District of Hawaii, and the defendant, ERIC HURST, and his attorney, Barry L. Sooalo, Esq., have agreed upon the following:

## THE CHARGES

1. The defendant acknowledges that he has been charged in an Information with violating Title 26, United States Code, Sections 5841, 5861(d), and 5871.

2. The defendant has read the charge against him contained in the Information, and that charge has been fully explained to him by his attorney.

3. The defendant fully understands the nature and elements of the crime with which he has been charged.

## THE AGREEMENT

4. The defendant agrees to waive indictment and enter a voluntary plea of guilty to the Information, which charges him with possessing an unregistered firearm. The defendant is aware that he has the right to have this felony asserted against him by way of grand jury indictment. The defendant hereby waives this right and consents that this offense may be charged against him by way of the Information. In return, the government agrees not to file charges against the defendant related to the defendant's participation in the kidnapping of a male that occurred on or about June 25, 2019, to which the defendant has accepted

responsibility through his plea of guilty to the sole count of the Information and the stipulated facts.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because he is in fact guilty of possessing an unregistered firearm as charged in the Information, and he agrees that this plea is voluntary and not the result of force or threats.

## **PENALTIES**

7. The defendant understands that the penalties for the offense to which he is pleading guilty include:

    a. A term of imprisonment of up to 10 years and a fine of up to $250,000, plus a term of supervised release up to 3 years.

    b. In addition, the Court must impose a $100 special assessment as to each count to which the defendant is pleading guilty. The defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the

prosecution will allow, though not require, the prosecution to withdraw from this Agreement at its option.

  c. **Restitution.** The Court must also award restitution pursuant to Title 18, United States Code, Section 3663A, to the persons and entities victimized by the defendant's offenses. The defendant understands that the Court will determine the amounts of restitution to be ordered, as well as the persons and entities entitled to such restitution, with the assistance of the United States Probation Office. The defendant agrees to pay restitution pursuant to 18 U.S.C. § 3663(a)(3), for any losses caused by the defendant's conduct, if the Court finds such losses occurred.

## FACTUAL STIPULATIONS

  8. The defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the defendant is pleading guilty:

  a. On or about June 25, 2019, within the District of Hawaii, ERIC HURST, the defendant, knowingly possessed a firearm—namely, a weapon made from a shotgun, Ithaca, Model 37, 16-gauge, bearing serial number ULT-M37160150 (hereinafter "the shotgun")—not registered to him in the National

4

Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5841, 5861(d), and 5871.

      b.     On June 25, 2019, the defendant and others were driving in a white Kia looking for a person to rob in the area of Kekaulike Street. The driver of the white Kia drove up to a male who had just returned to his parked black BMW (hereinafter "the victim") and blocked the victim in. The defendant then exited the white Kia, pointed the shotgun at the victim who was seated in the driver's seat of the black BMW, and forced the victim out of his vehicle. The defendant then forced the victim into the white Kia at gunpoint. After the driver of the white Kia made a phone call to another individual, the group took the victim to a house in Wahiawa.

      c.     In the early morning hours of June 26, 2019, the defendant and others left the house in Wahiawa with the victim. The defendant and others moved the victim from the white Kia into a white Range Rover (hereinafter "the Range Rover"). Individuals in the group then burned the white Kia. The victim was released later that morning.

      d.     On or about June 26, 2019, Honolulu Police Department ("HPD") officers were dispatched to a residence in Kaneohe, Hawaii (hereinafter "the residence"), on the report of a suspicious vehicle (the Range Rover) parked in

the driveway. Law enforcement ran checks and determined that the Range Rover was reported stolen. Law enforcement then removed the defendant, who was sleeping in the backseat of the Range Rover, from the vehicle. HPD officers lawfully recovered the shotgun described in paragraph 8.a from the floorboard of the passenger seat of the Range Rover.

  e. After being advised of his *Miranda* rights, the defendant agreed to speak with an HPD officer. In a recorded statement, the defendant stated, among other things, that there was a "shotgun shorty," which he further described to mean it was "stunted," "small," or "sawed off short." The defendant stated he picked up the shotgun and "was looking at um."

  f. The shotgun was recovered from within the vehicle and confirmed to be a weapon made from a shotgun, Ithaca, Model 37, 16-gauge, bearing serial number ULT-M37160150.

  g. The shotgun was measured with the barrel measuring approximately 13 inches, and an overall length of 23 ¾ inches. The legal length of a barrel is 18 inches and the overall length of a weapon made from a shotgun must be no shorter than 26 inches. The defendant knew that the shotgun had a barrel measuring less than 18 inches and an overall length of less than 26 inches.

   h. The shotgun was test fired and found to be in operating condition.

   i. Law enforcement has reviewed the National Firearms Registration and Transfer Record, which indicated that the aforementioned shotgun has not been registered. Accordingly, the shotgun was not registered to the defendant in the National Firearms Registration and Transfer Record.

   j. Pursuant to CrimLR 32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

## SENTENCING STIPULATIONS

9. Pursuant to CrimLR 32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

   a. As of the date of this agreement, it is expected that the defendant will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not

7

engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and the defendant's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

        b.     The United States Attorney agrees that the defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to the defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if the defendant is otherwise eligible. The defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the United States Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

        10.     The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with

the aid of the presentence report, determine the facts relevant to sentencing. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

11. The parties represent that as of the date of this agreement there are no material facts in dispute.

## APPEAL/COLLATERAL REVIEW

12. The defendant is aware that he has the right to appeal his conviction and the sentence imposed. The defendant knowingly and voluntarily waives the right to appeal, except as indicated in subparagraph "b" below, his conviction and any sentence within the Guidelines range as determined by the Court at the time of sentencing, and any lawful restitution order imposed, or the manner in which the sentence or restitution order was determined, on any ground whatsoever, in exchange for the concessions made by the prosecution in this Agreement. The defendant understands that this waiver includes the right to assert any and all legally waivable claims.

    a. The defendant also waives the right to challenge his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code,

9

Section 2255, except that the defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

      b.    If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined and to challenge that portion of his sentence in a collateral attack.

      c.    The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

## **FINANCIAL DISCLOSURE**

    13.    In connection with the collection of restitution or other financial obligations, including forfeiture as set forth below, that may be imposed upon him, the defendant agrees as follows:

      a.    The defendant agrees to fully disclose all assets in which he has any interest or over which he exercises control, directly or indirectly, including any assets held by a spouse, nominee, or third party. The defendant understands that the United States Probation Office (USPO) will conduct a presentence

10

investigation that will require the defendant to complete a comprehensive financial statement. To avoid the requirement of the defendant completing financial statements for both the USPO and the government, the defendant agrees to truthfully complete a financial statement provided to the defendant by the United States Attorney's Office. The defendant agrees to complete the disclosure statement and provide it to the USPO within the time frame required by the United States Probation officer assigned to the defendant's case. The defendant understands that the USPO will in turn provide a copy of the completed financial statement to the United States Attorney's Office. The defendant agrees to provide written updates to both the USPO and the United States Attorney's Office regarding any material changes in circumstances, which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any written update thereto, may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

      b.    The defendant expressly authorizes the United States Attorney's Office to obtain his credit report. The defendant agrees to provide waivers, consents, or releases requested by the United States Attorney's Office to

access records to verify the financial information, such releases to be valid for a period extending 90 days after the date of sentencing. The defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the USPO.

   c. Prior to sentencing, the defendant agrees to notify the Financial Litigation Unit of the U.S. Attorney's Office before making any transfer of an interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by the defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

## IMPOSITION OF SENTENCE

  14. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  15. The defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The defendant understands that the Court will not accept an

agreement unless the Court determines that the remaining charge adequately reflects the seriousness of the actual offense behavior and accepting the Agreement will not undermine the statutory purposes of sentencing.

## **WAIVER OF TRIAL RIGHTS**

16. The defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If the defendant persisted in a plea of not guilty to the charges against him, then he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the

defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c.     If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

      d.     At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, the defendant could require their attendance through the subpoena power of the Court.

      e.     At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

      17.     The defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

14

## USE OF PLEA STATEMENTS

18. If, after signing this Agreement, the defendant decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw his guilty plea and the Court grants that motion, the defendant agrees that any admission of guilt that he makes by signing this Agreement or that he makes while pleading guilty as set forth in this Agreement may be used against him in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Agreement or during the course of pleading guilty when the guilty plea is later withdrawn. The *only* exception to this paragraph is where the defendant fully complies with this Agreement but the Court nonetheless rejects it. Under those circumstances, the United States may not use those statements of the defendant for any purpose.

19. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

## COOPERATION

20.     The defendant agrees that he will fully cooperate with the United States.

  a.     The defendant agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others charged later in the investigation, sentencing hearings, and related civil proceedings.

  b.     The defendant agrees to be available to speak with law enforcement officials and representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

  c.     The defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes charged in this Information or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

  d.     The defendant agrees that his sentencing date may be delayed based on the government's need for the defendant's continued cooperation, and

16

agrees not to object to any continuances of the defendant's sentencing date sought by the United States.

    e.    Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

21.    In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter. The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

22.    Pursuant to Guidelines § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the defendant has provided substantial assistance to

authorities in the investigation or prosecution of another person who has committed an offense. The defendant understands that:

    a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

    b. This Agreement does not require the prosecution to make such a request or motion.

    c. This Agreement confers neither any right upon the defendant to have the prosecution make such a request or motion, nor any remedy to the defendant in the event the prosecution fails to make such a request or motion.

    d. Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

23. The defendant and his attorney acknowledge that, apart from any written proffer agreements, if applicable, no threats, promises, agreements or conditions have been entered into by the parties other than those set forth in this Agreement, to induce the defendant to plead guilty. Apart from any written proffer agreements, if applicable, this Agreement supersedes all prior promises, agreements or conditions between the parties.

24. To become effective, this Agreement must be signed by all signatories listed below.

25. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto.

DATED: Honolulu, Hawaii, January 11, 2021.

AGREED:

KENJI M. PRICE
United States Attorney
District of Hawaii

_____
MICHAEL NAMMAR
Chief, Criminal Division

_____
SARA D. AYABE
Assistant U.S. Attorney

_____
BARRY L. SOOALO
Attorney for Defendant

_____
ERIC HURST
Defendant

19